**DISTRICT 50 ALLIED AND TECHNICAL WORKERS and Local Union 15335 of District 50 Allied and Technical Workers**

v.

**BROCKWAY PRESSED METALS, INC.**

**Civ. A. No. 71-258.**

United States District Court,
W. D. Pennsylvania.

July 13, 1971.

Theodore Goldberg, Pittsburgh, Pa., for plaintiffs.

R. Edward Ferraro, Brockway, Pa., for defendant.

## OPINION AND ORDER

KNOX, District Judge.

This is a suit by plaintiff unions to compel arbitration in accordance with the contract with the employer of alleged grievances concerning the discharge or indefinite layoff of an employee, one John Beningo. The employer in its answer denies that the grievance is subject to arbitration for the reason that no grievance was ever properly filed within the time limits as provided by the arbitration agreement copies of relevant sections of which are attached to defendant's answer. The contract provides for arbitration of any dispute not satisfactorily settled and that the decision of the arbitrator shall be final and binding when acting within the scope of his authority.

Jurisdiction of this court to compel arbitration is invoked under Section 301 of the Labor-Management Relations Act, 29 U.S.C. 185. The Supreme Court has held under this act that Federal Courts have the power to compel compliance with labor agreements to arbitrate. Textile Workers Union of America v. Lincoln Mills of Alabama, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

Plaintiff has filed a Motion for Summary Judgment with affidavit attached relative to the facts of the case and claims that there is no genuine issue of fact to be determined and, therefore, plaintiff is entitled to a summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Defendant opposes the motion and has filed counter-affidavits claiming that while there was a grievance filed with respect to the indefinite layoff of Mr. Beningo, no grievance was ever properly filed concerning the discharge. There is a dispute between the parties as to a union request for delay pending receipt of a company letter.

It is the opinion of the court that no genuine issue of material fact does exist which would in any wise stay this court's hand in requiring the parties to submit to arbitration under the agreement. In United Steelworkers of America v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 (1960), the court said:

> "The function of the Court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator. In these circumstances the moving party should not be deprived of the arbitrator's judgment, when it was his judgment * * * that was bargained for."

Again, in United Steelworkers of America v. Warrior and Gulf Navigation Co., 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed. 2d 1409, (1960), the court stated:

> " * * * the court should view with suspicion an attempt to persuade it to become entangled in the construction of the substantive provisions of a labor agreement, even through the back door of interpreting the arbitration clause, when the alternative is to utilize the services of an arbitrator."

Again, in John Wiley & Sons v. Livingston, 376 U.S. 543, 84 S.Ct. 909, 918, 11 L.Ed.2d 898 (1964) the court said:

> "Once it is determined, as we have, that the parties are obligated to submit the subject matter of a dispute to

arbitration, 'procedural' questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator. Even under a contrary rule, a court

*[376 U.S. 558]

*could deny arbitration only if it could confidently be said not only that a claim was strictly 'procedural,' and therefore within the purview of the court, but also that it should operate to bar arbitration altogether, and not merely limit or qualify an arbitral award. In view of the policies favoring arbitration and the parties' adoption of arbitration as the preferred means of settling disputes, such cases are likely to be rare indeed. In all other cases, those in which arbitration goes forward, the arbitrator would ordinarily remain free to reconsider the ground covered by the court insofar as it bore on the merits of the dispute, using the flexible approaches familiar to arbitration. Reservation of 'procedural' issues for the courts would thus not only create the difficult task of separating related issues, but would also produce frequent duplication of effort."

We also have the case of Local 198 United Rubber, Cork, Linoleum & Plastic Workers v. Interco, Inc., 415 F.2d 1208 (8th Cir. 1969), where the court said:

"[1] Arbitration on 11–66 was not sought by a request made within the ninety-day period fixed by the contract. The union asserts that Interco had in the past consistently rejected arbitration of all claims arising out of the plant closing and that it was excused from performing the useless act of demanding arbitration on the grievances. In our view, this issue presents a procedural matter which

under John Wiley & Sons v. Livingston, 376 U.S. 543, 556–557, 84 S.Ct. 909, 11 L.Ed.2d 898, should be resolved by arbitration."

Again, in Palestine Tel. Co. v. Local Union 1506, 379 F.2d 234 at 240 (5th Cir. 1967), the court said:

"Therefore, the question of whether there was a procedural fault in the processing of the grievance which would permit the Company to refuse to arbitrate the dispute in question will not be determined by this Court. That matter will be left to the arbitrator."

The sum total of the teachings of these cases is that all matters arising under such labor union arbitration agreements must be left to the expertise of a labor arbitrator. The grievance in question is obviously one covered by the agreement. It is for the arbitrator, not this court, to determine whether the grievance procedure was properly followed and a proper grievance filed in proper time. All such matters must be left to the arbitrator.

We should comment that usually this court is concerned with suits by employers complaining of wildcat strikes by labor unions in violation of their contracts and asking the court for an injunction to compel the union to submit the dispute to arbitration. Certainly, if there was a wildcat strike by this union over the alleged grievance resulting from the discharge or layoff of this employee, the employer would be here seeking an order of this court to prevent the strike and requiring the union to abide by its agreement to submit the dispute to arbitration. Now that the shoe is on the other foot, we must require the employer to abide the agreement and we will, therefore, enter summary judgment in favor of the plaintiff.